IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

WENDY ANN FINCHER                                                PLAINTIFF

vs.                        Civil No. 6:09-cv-06020

MICHAEL J. ASTRUE                                              DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Wendy Ann Fincher ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed her applications for DIB and SSI on May 9, 2007.[2] (Tr. 10, 45-47). Plaintiff alleged she was disabled due to hypertension and lower back pain. (Tr. 110). Plaintiff

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

[2] The records for Plaintiff's SSI application were not included in the transcript. (Tr. 2). A note in the transcript states they were "not available for inclusion." *See id.* It is unclear why these records were not included in the transcript.

alleged an onset date of April 28, 2007. (Tr. 45, 110). These applications were initially denied on July 11, 2007 and were denied again on reconsideration on November 29, 2007. (Tr. 28-29).

On December 20, 2007, Plaintiff requested an administrative hearing on her applications. (Tr. 36-37). This hearing request was granted, and on September 9, 2008, the ALJ held an administrative hearing in Hot Springs, Arkansas. (Tr. 170-194). Plaintiff was present but was not represented by counsel at this hearing. *See id.* Plaintiff, Terry Fincher (Plaintiff's husband), Richard Petzel (Plaintiff's friend), and Vocational Expert ("VE") Dianne Smith testified at this hearing. *See id.* On the date of this hearing, Plaintiff was fifty-three (53) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008), and had received her high school diploma. (Tr. 178).

On October 8, 2008, the ALJ entered an unfavorable decision denying Plaintiff's applications for SSI and DIB. (Tr. 10-19). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2010. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 28, 2007, her alleged onset date. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments: hypertension, hyperlipidemia, obesity, gastroesophageal reflux disease, and myofascial back pain of the thoracic and lumbar spine. (Tr. 12-13, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 13-18, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to

the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found her claimed limitations were not entirely credible. *See id.* Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that Ms. Fincher has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b), due to a combination of medical problems and the associated symptoms thereof. Specifically, she can occasionally lift no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. She can stand, walk, or sit 6 hours of an 8 hour work day. She has unlimited ability to push or pull with use of hand or foot controls. She can occasionally climb, balance, stoop, kneel, crouch, and crawl. Primarily due to some environmental limitations and possible chronic obstructive pulmonary disease, she must avoid concentrated exposure to fumes, odors, dust, gases, and poor ventilation. She has no mental limitations.

*See id.*

Based upon this assessment of Plaintiff's RFC, the ALJ determined Plaintiff would be able to perform her Past Relevant Work ("PRW") as a cashier and waitress. (Tr. 19, Finding 6). Because Plaintiff could perform her PRW, the ALJ determined Plaintiff had not been under a disability as defined by the Act at any time from April 28, 2007 (Plaintiff's alleged onset date) through the date of his decision or through October 8, 2008. (Tr. 19, Finding 7).

On October 28, 2008, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 6). *See* 20 C.F.R. § 404.968. On January 21, 2009, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 3-5). On March 5, 2009, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on April 13, 2009. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 11, 14). This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

4

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the following: (A) the ALJ's disability determination is not supported by substantial evidence in the record; (B) the ALJ failed to evaluate the severity of Plaintiff's impairments in accordance with the Listings; and (C) the ALJ erred by concluding Plaintiff retained the RFC to perform a full range of light work. (Doc. No. 11, Pages 6-20). In response, Defendant argues that substantial evidence supports the ALJ's RFC determination, that substantial evidence supports the ALJ's finding that Plaintiff's impairments did not meet or equal the requirements of a Listing, that substantial evidence supports the ALJ's credibility determination, and that the ALJ fully and fairly developed the record. (Doc. No. 14, Pages 5-18). Because this Court finds the ALJ erred by failing to fully and fairly develop the record in this case,

this Court will only address Plaintiff's first argument for reversal.

### A.  ALJ's Duty to Develop the Record

As a general rule, it is the ALJ's duty to fully and fairly develop the record, even when the claimant is represented by counsel. *See Snead v. Barnhart,* 360 F.3d 834, 838 (8th Cir. 2004). *See also* 42 U.S.C. § 423(d)(5)(B). In developing the record, the ALJ is not required to "go to inordinate lengths to develop a claimant's case," but the ALJ must "make an investigation that is not wholly inadequate under the circumstances." *Battles v. Shalala,* 36 F.3d 43, 44-45 (8th Cir. 1994) (citation omitted) (quotation in the cited case). In order to determine whether the ALJ fulfilled his or her duty to fully and fairly to develop the record, this Court must consider whether the record contained sufficient evidence for the ALJ to make an informed decision. *See Payton v. Shalala,* 25 F.3d 684, 686-87 (8th Cir. 1994).

In the present action, the ALJ did not fulfill his duty of fully and fairly developing the record. During the administrative hearing, Plaintiff was not represented by counsel. Because Plaintiff was unrepresented, the ALJ should have been even more careful in ensuring the record was fully developed. *See Driggins v. Harris,* 657 F.2d 187, 188 (8th Cir. 1981) (holding "[t]he claimant has the burden of establishing the existence of a disability, but the ALJ has a duty to develop the facts fully and fairly, particularly when the claimant is not represented by counsel"). As it is clear from the hearing transcript, the ALJ was more concerned with having the Plaintiff order any necessary diagnostic testing (including an MRI) than developing the record himself:

> CLMT:  I just – no sir – well, I do, yes, about getting some Medicaid, something where I can go to the doctor to have this nerve – this MRI done and stuff because –
>
> ALJ:  Yeah –

| | |
|---|---|
| CLMT: | – of the nerve damage. That's – |
| ALJ: | The problem I have, ma'am, is I have no authority to order the state doctors to give you an MRI. |
| CLMT: | Right. |
| ALJ: | Matter of fact, they have a tendency not to do what federal judges ask them to do – |
| CLMT: | Right. |
| ALJ: | – just, just 'cause they can. Plus it costs a lot of money for them to spend MRIs. Or spend money on MRIs. And so for that reason, I'm not even going to attempt to do that. You have available to you a lot of free or low-cost medical care in this part of the state. Now, there are some facilities in Texarkana, some in, in Little Rock – primarily UAMS – where you can go and it won't cost you anything, and if you have – if they determine that you do have a serious back problem that would warrant an MRI, they will give you an MRI and it won't cost anything. |
| CLMT: | Okay. |

(Tr. 192-193). Although it is unclear whether Plaintiff needed to have an MRI in order to ascertain the extent of her back pain, it is clear that the ALJ's was more inclined to place the burden on Plaintiff to obtain any additional diagnostic testing that was necessary. This position was incorrect. *See* 42 U.S.C. § 423(d)(5)(B) (requiring the ALJ to develop the record).

### B. Evidence Included in the Record

Based upon a review of the evidence contained in this transcript, this Court finds there was not sufficient evidence for the ALJ to make an informed decision as required by *Payton,* 25 F.3d at 686-87. It is particularly troubling that the ALJ found Plaintiff suffered from several severe impairments (Tr. 12, Finding 3) and then later his opinion, with little or no basis, found she could still perform her PRW despite those impairments. The transcript simply does not contain enough information from which to make that determination. There are only twelve pages of records included

in the transcript that are dated after Plaintiff's alleged onset date of April 28, 2007. (Tr. 157-169). Those twelve pages relate to two emergency room visits, one on April 28, 2007 and one on September 9, 2007. *See id.* For the emergency room visit on September 9, 2007, none of her treatment records from that visit are included in the transcript. Instead, only the discharge instructions are included. (Tr. 157). The ALJ should have obtained the treatment records from Plaintiff's visit to the emergency room.

The ALJ should have also ordered a physical consultative examination in order to fully assess Plaintiff's work limitations due to her severe impairments. The medical records included in the transcript indicate that her ability to work may be severely impacted by her impairments. For example, during her visit to the emergency room on April 28, 2007, Plaintiff reportedly had to leave work because she "felt dizzy, lightheaded, tired and her blood pressure was checked and it was 193/121." (Tr. 159). Plaintiff was found to have a history of uncontrolled hypertension for eleven years and chronic back pain. (Tr. 160). Such impairments could severely impact her ability to work.

### C. Directions to the ALJ

Accordingly, on remand, the ALJ is directed to do the following: (1) locate or attempt to locate the documents related to Plaintiff's application for SSI[3]; (2) locate or attempt to locate the medical records from Plaintiff's emergency room visit on September 9, 2007; and (3) order a consultative examination to further assess Plaintiff's physical limitations. The ALJ should also do whatever is necessary to fully and fairly develop the record. This remand order should not, however, be interpreted as a direction from this Court to award benefits to Plaintiff. This case is only being remanded for the purpose of further developing the record.

---

[3] As noted above, those documents were not included in the transcript (Tr. 2), and it is unclear why they were not included in the transcript.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 23rd day of February, 2010.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE